IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOURDEAN LORAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No.10-237-SLR |
| | ) | |
| STATE OF DELAWARE, | ) | |
| DEPARTMENT OF LABOR DIVISION | ) | |
| OF UNEMPLOYMENT INSURANCE | ) | |
| DIVISION OF WAGE, DEPARTMENT | ) | |
| OF SOCIAL SERVICES, APPEALS | ) | |
| BOARD, and HOME HELPER'S INC. | ) | |
| DELAWARE RESPITE, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 26th day of May, 2010, having screened the case pursuant to 28

U.S.C. § 1915;

IT IS ORDERED that defendants State of Delaware, Department of Labor

Division Of Unemployment Insurance Division of Wage, Department Of Social Services,

and Appeals Board are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and for want of

jurisdiction; that the Title VII claim is dismissed for failure to state a claim upon which

relief may be granted; and that plaintiff is given leave to amend the Title VII claim, for the

reasons that follow:

1. **Background**. Plaintiff Jourdean Lorah ("plaintiff"), who appears pro se and

has been granted leave to proceed in forma pauperis, filed her complaint seeking

unemployment benefits/settlement and alleging age and gender discrimination pursuant

to Title VII, 42 U.S.C. § 2000e *et seq.*

2. **Standard of Review**. This court must dismiss, at the earliest practicable time,

certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or

seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

1915(e)(2). The court must accept all factual allegations in a complaint as true and take

them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515

F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because

plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a

court may dismiss a complaint as frivolous if it is "based on an indisputably meritless

legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*,

490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch

v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging

that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim

pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on

12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying

Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under §

1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a

claim upon which relief may be granted pursuant to the screening provisions of 28

2

U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown -

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. Plaintiff alleges that, while employed by defendant Home Helper's Inc/Delaware Respite ("Home Helper's"), she was injured on April 10, 2009 and molested on May 20, 2009. As a result, plaintiff was "forced to quit her job" with Home Helper's. Plaintiff sought unemployment benefits with a "date of claim" of July 19, 2009. (D.I. 2) The matter was heard on September 8, 2009, and benefits were denied on the basis that "claimant voluntarily quit without good cause and is disqualified from the receipt of unemployment benefits." (D.I. 4) Plaintiff appealed and, following a hearing before the Appeals Board on November 19, 2009, it found that plaintiff was terminated due to a reduction in hours. Plaintiff filed a notice of appeal on January 25, 2010 regarding her unemployment benefits. In the meantime, plaintiff also filed a notice of appeal on December 23, 2009, in the Delaware Superior Court on the issue of back wages allegedly owed her. Plaintiff claims she is entitled to unemployment benefits. (D.I. 2)

7. Plaintiff also alleges "continuing violations under Title VII (age, gender, or equal opportunity), physical injury, defamation, sexual harassment and molestation." (D.I. 5) She states that "Title 18[2] was filed several years ago . . . , the statute of limitations are over and [her] rights have been violated regarding an old [Maryland] police report." (*Id.*) She also references contact with an F.B.I. agent and private investigator over a criminal violation in Virginia fifteen years ago.

---

[2]Presumably Title VII.

4

8. **Abstention**. Plaintiff names as defendants State of Delaware, Department of Labor Division Of Unemployment Insurance Division of Wage, Department Of Social Services, and Appeals Board, based upon their involvement in the denial of unemployment benefits. To the extent plaintiff seeks a review of the decisions denying her unemployment benefits, her remedy is to appeal to the Delaware Superior Court, which she has done, and then to seek review by the Delaware Supreme Court. *See* 19 Del. C. § 3323; *Power v. Hanley*, C.A. No. 1996-09-102, 1997 WL 1737096, at *1 (Del. Com. Pl. Jan. 3, 1997). The complaint does not indicate if review has been sought before the Delaware Supreme Court.

9. Under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[3] Also under *Younger*, federal courts are prevented from enjoining pending state proceedings absent extraordinary circumstances.[4] *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 437 (1982). The doctrine applies to proceedings until all appellate remedies have been exhausted. *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975); *see Reinhardt v. Commonwealth of Mass. Dep't of Soc. Services*, 715 F.Supp. 1253, 1255 (S.D.N.Y. 1989). Abstention is appropriate only when: (1) there are ongoing state

[3]The court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d785, n.1 (3d Cir. 1994).

[4]The abstention doctrine as defined in *Younger v. Harris*, 401 U.S. 37 (1971), provides that federal courts are not to interfere with pending state criminal proceedings. The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975).

5

proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). It is evident from the complaint that there are on-going state proceedings. Also, Delaware has a compelling state interest in providing unemployment compensation to its citizens who are out of work. Finally, plaintiff may raise any federal claims she may have before the Delaware State Court.

10. Moreover, it is not within this court's purview to review State unemployment benefits decisions. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see Power v. Department of Labor*, Civ. No. 02-169-GMS, 2002 WL 976001 (D. Del. May 3, 2002). Assuming, arguendo, that this case has been resolved by the Delaware Supreme Court, the *Rooker Feldman* doctrine applies as this is a case "brought by [a] state-court loser[] complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). Allowing plaintiff's claim to proceed against the State defendants would allow her to use the federal courts to appeal a state court judgment and, thus, would run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

6

11. For the above reasons, the claims against State of Delaware, Department of Labor Division Of Unemployment Insurance Division of Wage, Department Of Social Services, and Appeals Board are dismissed are **dismissed** for lack of subject matter jurisdiction under the *Younger* abstention doctrine or, in the alternative, pursuant to the *Rooker-Feldman* doctrine, and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

12. **Title VII**. Plaintiff makes a very general allegation of a Title VII claim based upon age, gender, and equal opportunity. This sparse allegation is conclusory and provides no detail to support an entitlement to a claim for relief. Additionally, a Title VII claim, or its state equivalent, requires a plaintiff to exhaust certain administrative remedies before a suit may be filed. *Churchill v. Star Enters., Inc.*, 183 F.3d 184, 190 (3d Cir. 1999). A plaintiff is required to file a complaint with either the Equal Opportunity Employment Commission ("EEOC") or the equivalent state agency responsible for investigating claims of employment discrimination, in this case the Delaware Department of Labor ("DDOL"). 42 U.S.C. § 2000e-5; 19 Del. C. §§ 710-718. If the EEOC or the DDOL decides not to pursue the claims and issues a right-to-sue letter, only then may plaintiff file suit. 42 U.S.C. § 2000e-5(f)(1). The receipt of a federal right-to-sue letter indicates that a complainant has exhausted administrative remedies which is an "essential element for bringing a claim in [federal] court under Title VII." *See Anjelino v. New York Times*, 200 F.3d 73, 93 (3d Cir. 1999); *see also Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001); *but see Ray v. Kentes*, 285 F.3d 287 (3d Cir. 2002)(the failure to exhaust is an affirmative defense and should not be the basis of a sua sponte dismissal). Here, the complaint does not indicate when, or

7

if, a charge of discrimination was filed or whether plaintiff received a right-to-sue notice.
*See* 42 U.S.C. §§ 2000e, *et seq.*

13. Because the complaint does not  meet the pleading requirements of *Iqbal* or
assert the exhaustion of administrative remedies, the court will dismiss the Title VII claim
without prejudice with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B).

14. **Conclusion**.  For the above reasons, the claims against defendants State of
Delaware, Department of Labor Division Of Unemployment Insurance Division of Wage,
Department Of Social Services, and Appeals Board, based are **dismissed** for lack of
subject matter jurisdiction under the *Younger* abstention doctrine or, in the alternative,
pursuant to the *Rooker-Feldman* doctrine, and as frivolous pursuant to 28 U.S.C. §
1915(e)(2)(B).  The Title VII claim against Home Helper's is dismissed for failure to state
a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).
However, plaintiff is given leave to amend the Title VII claim within **thirty (30) days** from
the date of this order.  Her amended complaint must set forth more fully her allegations
of discrimination, along with her right-to-sue-letter from the EEOC.  If an amended
complaint is not filed within the time allowed, the case will be closed.

UNITED STATES DISTRICT JUDGE

8