IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURDEAN LORAH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 10-237-SLR ) |
| HOME HELPER'S INC. DELAWARE RESPITE, | ) ) ) ) |
| Defendant. | ) |

Jourdean Lorah, Wilmington, Delaware. Pro Se Plaintiff.

Edward J. Fornias, III, Esquire, Roeberg, Moore & Friedman, P.A., Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: September 30, 2011
Wilmington, Delaware


ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Jourdean Lorah ("plaintiff") filed this lawsuit alleging employment discrimination pursuant to Title VII, 42 U.S.C. § 2000e, *et seq.*, by reason of sex, race, age, and national origin. (D.I. 8) Plaintiff proceeds pro se and was granted leave to proceed without prepayment of fees. (*See* D.I. 3) Presently before the court is defendant Home Helper's Inc. Delaware Respite's ("defendant") motion to dismiss,[1] as well as numerous pending motions filed by plaintiff, including motions to amend. (D.I. 27, 31, 32, 40, 41, 42, 43, 44, 45, 46, 48, 49, 50) For the reasons discussed, the court will deny the motions to amend, will grant the motion to dismiss, and will deny as moot all remaining motions.

## II. BACKGROUND

The original complaint, filed on March 24, 2010, was screened pursuant to 28 U.S.C. § 1915 on May 26, 2010, and all claims were dismissed. Plaintiff, however, was given leave to amend her Title VII claim against defendant. (D.I. 2, 5, 7) The screening order states that the "amended complaint must set forth more fully [plaintiff's] allegations of discrimination, along with her right-to-sue-letter from the EEOC." (D.I. 7) Plaintiff filed an amended complaint on June 22, 2010, but did not attach a right-to-sue letter to the amended complaint. (D.I. 8)

Plaintiff was employed by defendant from May 2007 to June 27, 2009, as a caregiver/homemaker. Plaintiff is a white female over the age of fifty, born in the United

---

[1]Defendant does not indicate under what Rule of Civil Procedure it moves for dismissal. However, when defendant entered the motion on the court docket, it titled it as a motion to dismiss for lack of jurisdiction over the subject matter. (*See* D.I. 27)

States. She claims age, race and national origin discrimination, resulting in the denial of an equal opportunity for full-time employment with benefits.[2]

The number of hours plaintiff worked was reduced beginning in 2008. Plaintiff provided the manager with her hours of availability, but received no call from the manager (who was younger and an African American) with additional hours. During her last year of work, plaintiff was assigned jobs that required no personal health care, only the duties of a maid. She never received a promotion or a review, only a demotion.

Plaintiff was physically injured at work on April 10, 2009 and sought medical treatment. (D.I. 8, ex. 9) She notified defendant of the injury and informed Krista Gaul ("Gaul"), defendant's manager, that no workers' compensation claim or therapy was needed. (*Id.* at ex. 12)

Plaintiff was molested by a patient on May 20, 2009. On October 26, 2009, and upon advice of counsel, plaintiff filed a complaint with the New Castle County Police Department regarding the incident. (D.I. 8, ex. 11) Plaintiff alleges that, prior to the injury and molestation, she notified Gaul that the working relationship with the patient/client was poor, and that the patient/client was always in her underwear. Defendant knew the patient/client was offensive and insulting, but plaintiff was not

---

[2]The complaint contains many other allegations that do not appear to be related to plaintiff's claims against defendant. For example, the complaint refers to an imposter or mistaken identity, extortion, a tort/crime and a private investigator, a privacy fence that was vandalized, conspiracy, plaintiff's inability to participate in art shows due to lack of funds, and environmental dumping. It refers to the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. In addition, the complaint refers to the involvement of the EEOC, the Department of Labor, the Department of Unemployment of Insurance, and the Division of Social Services in administrative procedures denied to plaintiff.

reassigned. Plaintiff asked for more hours and was led to believe that she was reassigned.

Plaintiff was forced to resign as a care-giver following the molestation because her hours had been reduced to three and one-half hours. Plaintiff gave two-weeks notice in her letter of resignation after she was told by defendant that it did not "have any more hours to give [her]." The letter states that plaintiff could not continue to work six to eight hours per week and that she could not "withstand the condition[s] of employment concerning sexual harassment and an injury." (D.I. 8, ex. 8)

Plaintiff sought unemployment compensation. She was denied benefits on the basis that she voluntarily terminated her employment. At the time plaintiff initiated this lawsuit on March 24, 2010, her appeal of the denial of unemployment benefits was pending in the Delaware Superior Court. On September 29, 2010, the Superior Court of Delaware in and for New Castle County affirmed the denial of unemployment benefits, see Lorah v. Home Helper's Inc./Delaware Respite, 2010 WL 4061859 (Del. Super. Sept. 29, 2010); on May 26, 2011, the Delaware Supreme Court affirmed the decision of the Superior Court, see Lorah v. Home Helper's Inc./Delaware Respite, 21 A.3d 596, 2011 WL 2112739 (Del. May 26, 2011) (table).[3]

---

[3]The Superior Court found that the Unemployment Insurance Appeal Board reasonably concluded from the evidence that: (1) plaintiff was not forced to work in a known, dangerous environment; (2) plaintiff's allegation of unwanted sexual contact was serious but, compared to the opposing evidence (including the police report filed by plaintiff several months after the alleged incident occurred), it did not establish a known, dangerous environment; (3) defendant, who did not learn of the incident until June 12, 2009, had no chance to rectify the problem before plaintiff quit; (4) plaintiff stopped providing care to the patient after the alleged incident; and (5) plaintiff's hours were not substantially reduced before she gave notice. Lorah, 2010 WL 4061859 at *2-3.

Plaintiff alleges that her right to an administrative remedy was denied by the EEOC and the Delaware Department of Labor ("DOL"). She wrote to the DOL on June 26, 2009 stating that she sought "an administrative remedy that gives [her] the equal opportunity to be employed with [her] worth in salary." The DOL advised plaintiff on July 16, 2009, that it was unable to assist her, that it did not have legal authority to provide plaintiff with legal representation or to pursue a remedy on behalf of a charging party, but that it did have the authority to help parties negotiate a settlement in an open case. Plaintiff was advised that the employer did not agree to participate in settlement discussions. Plaintiff was further advised that other aspects of her letter involved matters outside the scope of the DOL's jurisdiction. (D.I. 8, exs. 2, 3)

## III. MOTION TO DISMISS

### A. Standards of Review

#### 1. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring his claim. Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the complaint and documents referenced in or attached to the complaint. *Gould Elec., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a factual challenge to the court's subject matter jurisdiction, the court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to

the allegations in the complaint. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

### 2. Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for

relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Discussion

Defendant moves for dismissal on the grounds that: (1) the exclusive remedy for plaintiff's claim for physical injury that occurred while in the employ of defendant lies under Delaware's workers' compensation statute; (2) this court has no authority to review the Delaware courts' rulings regarding denial of employment benefits; and (3) plaintiff failed to exhaust her administrative remedies prior to raising Title VII claims in federal court.

#### 1. Worker's compensation

Under Delaware law, the general rule is that the workers' compensation administrative process is the exclusive remedy for an employee who has a work-related

accident causing personal injury or death. See 19 Del. C. § 2304. "[C]laims that involve a true intent by the employer to injure the employee fall outside of the Workers' Compensation Act and remain separately actionable as common law tort claims." Rafferty v. Hartman Walsh Painting Co., 760 A.2d 157, 159 (Del. 2000); see also Showell v. Langston, 2003 WL 1387142, at *3 (Del. Super. Mar. 5, 2003) (citing Rafferty).

Here, there are no allegations of an intentional injury. Nor are there facts alleged of a "deliberate intent to bring about an injury." Rafferty, 760 A.2d at 160; see also E.E.O.C. v. Avecia, Inc., 151 F. App'x 163 (3d Cir. 2005) (not published). Notably, plaintiff responds that she did not file a worker's compensation claim concerning the April 10, 2009 injury because physical therapy was not necessary.

This court has no jurisdiction over plaintiff's claims of injury while in the employ of defendant. Accordingly, the court will grant defendant's motion to dismiss plaintiff's work related claims as the exclusive remedy lies under the Delaware Workers' Compensation Act. 19 Del. C. §§ 2301-2391.

### 2. Unemployment benefits

To the extent that plaintiff attempts to raise claims regarding the denial of unemployment benefits, said claims are barred by the Rooker-Feldman doctrine.[4] The Delaware Supreme Court has affirmed the denial of plaintiff's claim for unemployment benefits. Allowing plaintiff's claim to proceed against defendant would permit her to use

---

[4]At screening, the court abstained from hearing the denial of unemployment benefits claim pursuant to the abstention doctrine as set forth in Younger v. Harris, 401 U.S. 37 (1971), because the issue was pending in State court. (See D.I. 7)

the federal courts to appeal a State court judgment and, thus, run afoul of the *Rooker Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). This she may not do.

Accordingly, the court will grant defendant's motion to dismiss plaintiff's claims raised on the issue of denial of unemployment benefits.

### 3. Title VII exhaustion of administrative remedies

Defendant moves to dismiss plaintiff's Title VII claims for failure to exhaust administrative remedies. Plaintiff responds that she sought an administrative remedy at the DOL, and it was denied. In addition, she was told by the DOL that a violation needed to be filed with the police.

A plaintiff may not file a Title VII suit in federal court without first exhausting all avenues for redress at the administrative level, pursuant to 42 U.S.C. § 2000e-16(c). *See Francis v. Mineta*, 505 F.3d 266, 272 (3d Cir. 2007); *Doe v. Winter*, 2007 WL 1074206 (E.D. Pa. Apr. 5, 2007). This prerequisite, akin to a statute of limitations, mandates dismissal of the Title VII claim if a plaintiff files the claim before receiving a right to sue notice. *See Story v. Mechling*, 214 F. App'x 161, 163 (3d Cir. Jan. 19, 2007) (not published) (plaintiff may not proceed with Title VII claim because he neither received a right to sue letter nor submitted evidence indicating that he requested a right to sue letter); *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Without first affording the EEOC an opportunity to review and conciliate the dispute, a plaintiff may not seek relief in federal court for her Title VII claim. *Burgh*, 251 F.3d at 470.

Plaintiff failed to attach a right-to-sue letter to the amended complaint as ordered by the court in its May 26, 2010 screening memorandum order. Notably, an employment discrimination application completed by plaintiff states, "I did not file a complaint of discrimination against my former employer Krista Gaul of Home Helper's Inc." (D.I. 33) Nonetheless, plaintiff argues in her response that the letter she received from the DOL is evidence that the DOL has "neglected to administrate the remedy." The documents plaintiff relies upon do not satisfy the administrative exhaustion requirement of Title VII.

There is nothing before the court that indicates plaintiff has exhausted her administrative remedies. Accordingly, the court will grant defendant's motion to dismiss the Title VII claims for plaintiff's for failure to exhaust administrative remedies.[5]

## IV. MOTIONS TO AMEND

### A. Standard of Review

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written

---

[5]The court is unable to discern any supplemental claims in the amended complaint. When a complaint alleges federal and supplemental State claims, the court may decline to exercise supplemental jurisdiction when no federal claims survive. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003). To the extent that the amended complaint (D.I. 8) raises supplemental State claims, the court declines to exercise supplemental jurisdiction.

consent or the court's leave. Rule 15 provides that court should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

### B. Discussion

Plaintiff has filed numerous motions to amend. (*See* D.I. 31, 40, 41, 42, 43, 44, 45, 46, 49)[6] However, as will be discussed, the proposed amendments are either

---

[6]Docket item 41 is not docketed at a motion. The filing, however, seeks amendment. Similarly, docket item 49 is not docketed as a motion but as a "crossclaim for indemnity" as titled by plaintiff.

frivolous or advance a claim that is legally insufficient on its face. Plaintiff's April 18, 2011 motion seeks to amend to include a request that this court "administrate the administrative remedy" for plaintiff's equal pay in salary claim.[7] (D.I. 31) While not clear, it appears that plaintiff wishes this court to assume the role of an administrative agency. As previously discussed, plaintiff has failed to exhaust her administrative remedies.

Plaintiff filed seven motions on June 27, 2011 with varying titles, all seeking amendment. (D.I. 40, 41, 42, 43, 44, 45, 46) Plaintiff moves to add a claim to correct an error in a 1987 Montgomery County, Maryland police report. (D.I. 40) The 1987 report has nothing to do with plaintiff's Title VII claims. (See D.I. 10) She moves to add her mother, Patty J. Lorah ("mother"), as a real party in interest. (D.I. 41) Plaintiff states that her mother is a witness who has testified and is the owner of her home (where plaintiff resides). While plaintiff's mother may be a witness to plaintiff's claims, the allegations and numerous pleadings filed in this case do not indicate that she is a party to the Title VII claims. Another motion is titled "motion for relief or joinder of insurance company regarding New Castle County police." (D.I. 42) The title of the motion does not accurately describe its contents. Docket item 42 reiterates the facts

---

[7]To the extent plaintiff attempts to raise a claim under the Equal Pay Act, the claim fails. For such a claim, plaintiff must allege that members of the opposite sex are paid more for equal work "on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974) (internal quotations removed). *See also Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000). Plaintiff's allegations do not concern a member of the opposite sex. Rather, she alleges discrimination on the basis of sex, race, age, and national origin. Said allegations are properly raised in a Title VII action subsequent to exhaustion of administrative remedies. *See Delprato v. Day Chevrolet Inc.*, 2011 WL 1807437, at *2 (3d Cir. May 12, 2011) (slip op.).

surrounding plaintiff's employment discrimination claims and denial of unemployment benefits. As discussed above, the court will dismiss those claims.

Plaintiff moves to add a personal injury claim for damages as a result of the April 10, 2009 work related injury and the May 20, 2009 work related sexual molestation. (D.I. 43) Rather than raising the claims against defendant, plaintiff moves to raise the claims against defendant's insurer. In addition, plaintiff filed a document titled "crossclaim for indemnity" that alleges defendant failed to file an insurance claim on her behalf as a result of the April and May 2009 incidents. (D.I. 49) As discussed above, plaintiff's exclusive remedy for work related injuries is through the Workers' Compensation Act. To the extent that plaintiff views the sexual molestation as a Title VII claim, she has failed to exhaust her administrative remedies.

Plaintiff moves to amend documents that do not have a signature block. (D.I. 44) The motion does not identify those documents, and the court's cursory review indicates that plaintiff has signed most pleadings. (D.I. 44)

Plaintiff moves to add a contract claim against defendant, whose principal place of business is in Wilmington, Delaware, and to add Gaul as a defendant. (D.I. 45) Plaintiff resided in Delaware at the time the complaint was filed. The proposed contract claim contains no alleged facts to establish diversity of citizenship jurisdiction. To establish diversity of citizenship, a plaintiff must plead a matter in controversy exceeding $75,000 between citizens of different states. 28 U.S.C. § 1332. The proposed amendment reflects that plaintiff and defendant are both citizens of the State of Delaware. Hence, the proposed amendment is facially deficient regarding diversity of citizenship jurisdiction. Accordingly, there is futility of amendment. See supra note 5.

Finally, plaintiff moves to amend to include several motions she previously filed and to add a claim that defendant denied Gaul the authority to execute a promissory note to plaintiff for services rendered. (D.I. 46) The proposed amendment reiterates the facts surrounding the denial of unemployment benefits to plaintiff. As discussed above, said claim may not be heard by this court by reason of the *Rooker-Feldman* doctrine.

Plaintiff's proposed amendments are either frivolous or advance a claim that is legally insufficient on its face. There is futility of amendment. Accordingly, the court will deny plaintiff's motions to amend. (D.I. 31, 40, 41, 42, 43, 44, 45, 46, 49)

## V. CONCLUSION

For the reasons discussed above, the court will grant the motion to dismiss, deny the motions to amend, and will deny as moot all remaining motions. (D.I. 27, 31, 32, 40, 41, 42, 43, 44, 45, 46, 48, 50)

An appropriate order will be entered.